STATE *vs.* JUDGE BUCHANAN.

AN APPLICATION FOR A MANDAMUS.

The act of the 25th of March, 1831, provides, that in cases where the parish or probate judge is interested or disqualified from acting, the District Court shall have jurisdiction thereof, and appoint notaries or other persons to make inventories, etc. of successions : *Held,* that the persons thus designated by the district judge, can perform only ministerial duties ; and that the confirmation of a natural tutor and under tutor, together with the homologation of proceedings in the settlement of successions, are judicial acts, to be performed by the district judge.

This is an application for a *mandamus.* The widow of Jean Baptiste Labranche, residing in the parish of St. Charles, and within the first judicial district, presented her petition to the district judge of said district, alleging that her husband died in said parish of St. Charles, leaving seven children, two of whom are minors. That the deceased husband left property in the parishes of St. Charles, Jefferson, and New-Orleans, and that Jean Louis Labranche, one of the heirs of the deceased, is the parish judge of the parish of St. Charles, where the succession is opened, and being a party interested, is disqualified from acting and performing the duties relative to the settlement of said succession. She prays that the district judge will take cognizance of this case as is specially provided for by law, and that she be confirmed in the natural tutorship of her minor children, and an under tutor be appointed, and that he direct inventories to be taken according to law, of all the property of said succession, in the different parishes where it is situated.

The district judge endorsed at the foot of the petition, that he refuses to grant the prayer of the petitioner, but offers to refer it to a notary or justice of the peace in the parish of St. Charles, to receive the oath of the petitioner as natural tutrix and to make the inventories of the succession, as prayed for,

EASTERN DIST.
June, 1838.

————

STATE
vs.
BUCHANAN.

in conformity to the second section of the act of the 25th of March, 1831, entitled, "An act further amending of the Code of Practice."

*Labarre,* for the petitioner, applied for a mandamus, commanding the district judge to grant her prayer, and to proceed in the settlement of the succession of the late J. B. Labranche, in the same manner as the parish judge might have done.

The district judge in answer to the rule to show cause, why the mandamus should not issue, stated, that the act of the 25th of March, 1831, already referred to, by requiring the district judge to appoint a notary or justice of the peace in the parish, to make inventories, sales, or perform any other ministerial duties relative to any successions, when the parish judge is unable or disqualified to act, clearly intends that such notary or justice of the peace should exercise all the powers appertaining to probate jurisdiction, in the particular succession. In pursuance of such authority, it will be for him to issue commissions to make inventories in such other parishes, as the deceased may have had property therein.

*Bullard, J.,* delivered the opinion of the court.

The widow of J. B. Labranche, and natural tutrix of her minor children, having applied by petition to the District Court for the first judicial district, to be confirmed as such, and for other proceedings relating to the administration of the

The act of the 25th March, 1831, provides, that in cases where the parish or probate judge is interested, or disqualified from acting, the District Court shall have jurisdiction thereof, and appoint notaries or other persons to make inventories, etc. of successions: *Held,* that the persons

estate, on showing that the judge of the parish in which the succession was opened, is one of the heirs; the district judge declined to take cognizance of the application, but offered to appoint a notary public or justice of the peace, in pursuance of the second section of the act of 1831, page 102.

In answer to the rule to show cause, the judge states as the ground of his refusal, that the statute above referred to by requiring the district judge to appoint a notary or justice of the peace in the parish, to make inventories and sales, and to perform any other ministerial duties, relative to any succession, when the parish judge is unable or disqualified to act,

We do not concur in this view of the case. It appears to us that the notary or justice to be designated by the district judge, can perform only ministerial acts, and that the confirmation of a natural tutor, and the appointment of an under tutor, together with the homologation of the proceedings, in relation to the settlement of successions, are judicial acts, and that the act of the legislature does not authorize the delegation of any judicial authority. The application of the widow so far as it concerns his confirmation, and the appointment of an under tutor, appears to us to come within the purview of the preceding section of the act, and that the judge, besides appointing a notary for ministerial purposes, is bound to take cognizance of the case presented, and proceed according to law.

